UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNERED, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>DOES 1-2177,<br><br>*Defendants*. | Civil Action No. 10-01476 (CKK) |

MEMORANDUM OPINION
(October 22, 2010)

Presently before the Court is Plaintiff's [4] Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. Plaintiff, a creator and distributor of motion pictures, has brought suit against a series of John Doe Defendants for copyright infringement. *See* Compl., Docket No. [1], ¶¶ 6-15; Pl.'s Mem. of P. & A. in Supp. of Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference ("Pl.'s Mem."), Docket No. [4], at 1. Plaintiff seeks leave to serve immediate, limited discovery on various third-party internet service providers ("ISPs") in the form of a Rule 45 subpoena. *See* Pl.'s Mem. at 1-2; *see also* Compl., Ex. A (identifying ISPs at issue). Plaintiff seeks to determine the true identities of the John Doe Defendants, including each individual's true name, current and permanent address, telephone number, e-mail address, and Media Access Control address. *See* Pl.'s Mem. at 16. If an ISP cannot itself identify one or more of the John Doe Defendants, but does identify an intermediary ISP as the entity providing online services and/or network access to a John Doe Defendant, Plaintiff intends to serve a subpoena on that intermediary ISP in the same manner. *Id.* at 3.

Each John Doe Defendant is alleged to have used an online media distribution system to

reproduce and distribute Plaintiff's copyrighted work. Compl. ¶ 12. Although Plaintiff does not know Defendants' true names, it has identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and time of the allegedly infringing activity. *See* Decl. of Benjamin Perino in Supp. of Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference, Docket No. [4-1], ¶ 10. Through the use of a private provider of online anti-piracy services, Plaintiff has traced the IP addresses for the Joe Doe Defendants and determined their ISPs, as identified in Exhibit A of Plaintiff's Complaint. *See* Decl. of Patrick Achache in Supp. of Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference, Docket No. [4-2], ¶ 13.

Courts have broad discretion in discovery matters and, pursuant to that discretion, may allow parties to conduct expedited discovery where "good cause" is shown. *Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007). Because Defendants must be identified before this suit can progress further, the Court finds that good cause exists for Plaintiff's requested discovery. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008). The Court shall therefore GRANT Plaintiff's request for immediate discovery, with certain limitations outlined herein. Plaintiff shall be allowed to serve immediate discovery on the ISPs identified in Exhibit A of the Complaint in order to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each John Doe Defendant, including the individual's name, current and permanent address, telephone number, e-mail address, and Media Access Control address. Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint. Subject to the same limitations, Plaintiff may serve a subpoena to any ISP identified in response to a subpoena as providing

online services and/or network access to one of the John Doe Defendants.

If and when an ISP is served with a subpoena, the ISP shall give written notice, which may include e-mail notice, to the subscribers in question within five (5) business days.  If the ISP and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service.  The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.  Plaintiff shall provide each ISP with a copy of this Memorandum Opinion and the accompanying Order with its subpoenas.

On or before December 17, 2010, Plaintiff shall file a Status Report with the Court briefly outlining its progress, including providing an expected completion date of the discovery allowed by the accompanying Order.

Date:   October 22, 2010

                                                              /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge