UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNERED, INC.,<br><br>    *Plaintiff*,<br><br>  v.<br><br>HARRY MARTIN, and<br>DOES 1-1536,<br><br>    *Defendants*. | Civil Action No. 10-01476 (CKK) (JMF) |

**ORDER**
(March 7, 2011)

The Court is in receipt of Plaintiff's [28] Status Report, wherein Plaintiff indicates that it has yet to serve process upon any of the Defendants and requests an extension of the deadline to cause process to be served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must dismiss the action*** without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).  The Court need not revisit herein its repeated admonition that it shall not permit this action to languish on its docket, *see, e.g.*, Order (Dec. 20, 2010), Docket No. [8]; Order (Jan. 3, 2011), Docket No. [11]; Order (Jan. 13, 2011), Docket No. [14]; suffice it to say that the Court expects Plaintiff to discharge the utmost diligence in completing the permitted discovery and to promptly effect service of process upon all Defendants.  Plaintiff should not assume that further requests for extensions will be granted.  Nevertheless, the Court concludes that an extension of the deadline to complete service is warranted at this time.

Accordingly, it is this 7th day of March, 2011, hereby

**ORDERED** that Plaintiff shall adhere to the following schedule:

(a) On or before <u>Tuesday, March 15, 2011, at 5:00 p.m.</u>, Plaintiff shall, as it has expressed its intention to do, file a Notice of Voluntary Dismissal dismissing this action against all John Doe Defendants whose IP addresses are associated with Earthlink and/or Fairpoint;

(b) On or before <u>Tuesday, March 15, 2011, at 5:00 p.m.</u>, Plaintiff shall file a Status Report with the Court identifying by IP address all John Doe Defendants whom Plaintiff can then represent, upon information or belief, may be subject to this Court's *in personam* jurisdiction;

(c) On or before <u>Tuesday, March 15, 2011, at 5:00 p.m.</u>, Plaintiff shall cause process to be served and proof of service to be filed with the Court as to Defendant Harry Martin ("Martin") or risk mandatory dismissal as to Martin;

(d) On or before <u>Friday, March 18, 2011, at 5:00 p.m.</u>, Plaintiff shall file a Second Amended Complaint excising references to all John Doe Defendants who have been dismissed from this action as of that date;

(e) On or before <u>Friday, April 1, 2011, at 5:00 p.m.</u>, Plaintiff shall file a Status Report with the Court, which shall include an exhibit filed **under seal** identifying all John Doe Defendants for whom identifying information has been obtained as of that date and setting forth all known addresses for those Defendants;

(f) On or before <u>Monday, May 2, 2011, at 5:00 p.m.</u>, Plaintiff shall (i) cause process to be served and proof of service to be filed with the Court as to **all Defendants** or

        risk mandatory dismissal as to all unserved Defendants or (ii) file a motion with the Court seeking an extension of the designated deadline, which shall, at a minimum, specify the duration of the requested extension, justify the failure to effect service, and establish good cause for the requested extension; and

(g)    On <u>the first and fifteenth day of every month</u> (or, if the first or fifteenth day of a given month is a Saturday, Sunday, or legal holiday, then the next day that is not a Saturday, Sunday, or legal holiday), until otherwise instructed by the Court, Plaintiff shall file a Status Report outlining its progress in conducting the discovery allowed and completing service upon Defendants, which shall, at a minimum:

    (i)    Identify the number of John Doe Defendants whose true identities have been discovered and indicate what portion thereof has been served and the date that service was made;

    (ii)    Identify by IP address the John Doe Defendants who are yet to be formally served but with whom Plaintiff has corresponded regarding potential settlement and indicate the date of such correspondence;

    (iii)    Identify by name the ISPs that have been identified as potential subjects of discovery requests, the date on which each ISP was first identified as a potential subject, the date on which any subpoena was served, the anticipated timeline for production and, if the anticipated timeline for production extends beyond the then-

        applicable deadline to cause process to be served upon all Defendants, explain why the timeline is necessary;

(iv)    Identify by IP address all Defendants who have both been voluntarily dismissed from this action and against whom Plaintiff has brought suit in another jurisdiction for similar claim(s); and

(v)    Set forth any additional information that would be useful to this Court in monitoring the progress of Plaintiff's efforts.

**SO ORDERED.**

                                                      /s/
                                **COLLEEN KOLLAR-KOTELLY**
                                United States District Judge