**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CORNERED, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-01476-JEB-JMF** |
| | ) | |
| **HARRY MARTIN and DOES 1 – 1,536** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH AND/OR VACATE SUBPOENA**

**AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (IP ADRESS**

**98.186.79.43) [DOC. NO. 50]**

TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ........................................................................................................................2

    A. THIS COURT HAS JURISDICTION OVER THE SUBPOENA AT ISSUE..............2

    B. THE MOTIONS ARE PROCEDURALLY DEFECTIVE ............................................3

    C. STANDARDS ON MOTIONS TO QUASH.................................................................4

    D. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY

    AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID

    INFRINGE PLAINTIFF'S COPYRIGHTS ......................................................................6

    E. QUASHING THE SUBPOENA OR DISMISSING A PARTICULAR DOE

    DEFENDANT BASED ON PERSONAL JURISDICTION GROUNDS WOULD BE

    PREMATURE .....................................................................................................................7

    F. MR. ARTIS' ARGUMENTS RELATED TO JOINDER DO NOT JUSTIFY

    QUASHING THE SUBPOENA OR DISMISSING A DOE DEFENDANT AND ARE

    GENERALLY INAPPROPRIATE AT THIS STAGE OF THE PROCEEDINGS..........10

    G. MR. ARTIS HAS NOT SHOWN THAT THE INFORMATION

    REQUESTED IS PRIVILEGED OR CONFIDENTIAL .................................................11

III. CONCLUSION...................................................................................................................13

TABLE OF AUTHORITIES

**Cases**

Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094,

    Case No. 10-453 (D.D.C.) ...................................................................11, 12, 14

Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8 (D.D.C. 2009) ...................................5

Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480 (E.D.N.C. 2008) ...........................12

Arista Records LLC v. Does 1-16, 2009 WL 414060 (N.D.N.Y February 18, 2009)....................8

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008) ........................... 6, 11-12, 13

Call of the Wild Movie, LLC v. Does 1-358, Case No. 10-455 (D.D.C.) .....................................14

Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278

    (D.S.D. Nov. 4, 2009) ..........................................................................................4

Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520 (D.D.C.) .....................................12, 14

Fonovisa, Inc. v. Does 1-9, 2008 WL 919701 (W.D. Pa.)..................................................6

G2 Productions, LLC v. Does 1-83, Case No. 10-041 (D.D.C.) .............................................12, 14

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001) ...............................................................12

Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404 (3d Cir. 2004)................................ 2-3

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017 (Fed. Cir. 1986) .................................5

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961)..........................................5

In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998) .........................................................2

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176 (D. Kan. 2008).......................................11

James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15 (D.D.C. 2002)...........................................3

Johnson v. Gmeinder, 191 F.R.D. 638 (D. Kan. 2000) .....................................................5

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (D.D.C.) ..........................................14

London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153 (D. Mass. 2008) ....................................8

Maverick Entertainment Group, Inc. v. Does 1-1,000, Case No. 10-569 (D.D.C.)8-9, 11, 12-13, 14

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (D.D.C.) ..............13

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984)..............................5

Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389 (D.D.C. 2007).........................................5

Oracle, USA, Inc. v. SAP AG, 2009 WL 1011321 (D. Colo. April 14, 2009)................................3

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004)...................8, 10, 12

Thomas v. Marina Assocs., 202 F.R.D. 433 (E.D. Pa. 2001) ........................................................5

Twentieth Century Fox Film Corporation, et al. v. Does 1-9, Case No. 04-2006 (D.D.C.).... 13-14

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (D.D.C.)..............................................14

U.S. v. Hambrick, 55 F. Supp. 2d 504 (W.D. Va. 1999) ..............................................................12

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979)......................................................5

Voltage Pictures, LLC v. Does 1-5,000, Case No. 10-00873 (D.D.C.).........................................14

Washington v. Thurgood Marshall Academy, 230 F.R.D. 18 (D.D.C. 2005) ................................4

West Bay One, Inc. v. Does 1-1,653, Case No. 10-481 (D.D.C.) .................................9, 11, 12, 14

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) .....................5

Windsor v. Martindale, 175 F.R.D. 665 (D. Colo. 1997) ..........................................................4-5

Worldwide Film Entertainment, LLC v. Does 1-749, Case No. 10-0038 (D.D.C.) ...............12, 14

**Statutes**

Fed. R. Civ. P. Rule 5 ....................................................................................................................3

Fed. R. Civ. P. Rule 26 .................................................................................................................3, 4

Fed. R. Civ. P. Rule 45 .................................................................................................................2, 4

LCvR Rule 7 ...................................................................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

   To briefly remind the Court, Plaintiff has identified certain Defendants who have

unlawfully copied and distributed Plaintiff's motion picture, "*The Cornered!*," over the Internet.

Plaintiff's complaint was filed on August 30, 2010.  [Doc. No. 1][1]  At the time of filing its

Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol

("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine

Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants

subscribe and from which Defendants obtain Internet access.

   Plaintiff filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference,

which was granted by this Court on October 22, 2010. [See Doc. Nos. 4-6]  Thereafter, Plaintiff

served subpoenas on the non-party ISPs.

   In response to the subpoenas and the Court's Order, the ISPs contacted their subscribers

for which Plaintiff identified an infringing IP address on the date and time of alleged

infringement.  One Doe Defendant, identifying himself as Alexander Artis, filed form motions

for a protective order, to quash and/or vacate subpoena, and to dismiss for lack of personal

jurisdiction that were purchased on the internet.  [Doc. No. 50]  Plaintiff believes this Doe

Defendant to be associated with IP address 98.186.79.43 listed in Plaintiff's Second Amended

Complaint (see Doc. No. 44 at p. 19), as Defendant Artis' ISP, Cox, withheld identifying

information for only that IP address.  Because the motions do not provide good cause for

---

[1]  Plaintiff's First Amended Complaint was filed on February 10, 2011 and named Harry Martin
and Does 1-1,536 as Defendants.  [Doc. No. 17]  Plaintiff's Second Amended Complaint was
filed on March 17, 2011 and named Harry Martin and Does 1-1,480 as Defendants.  [Doc. No.
44]

quashing the subpoena or dismissing this particular Doe Defendant, Plaintiff requests that the motion be denied in its entirety.[2]


II. ARGUMENT

    A.  THIS COURT HAS JURISDICTION OVER THE SUBPOENA AT ISSUE.

    The District of Columbia district court is the only court that has jurisdiction to quash or enforce the subpoena at issue.  In <u>In re Sealed Case</u>, 141 F.3d 337, 341 (D.C. Cir. 1998) that court noted the various provisions of Rule 45 that specifically refer to "the issuing court" – Fed. R. Civ. P. 45(c)(3)(A) (to quash or modify a subpoena), Fed. R. Civ. P. 45(c)(2)(B) (enforcement of a subpoena following objections), and Fed. R. Civ. P. 45(e) (contempt for failure to obey a subpoena).  "All of this language suggests that only the issuing court has the power to act on its subpoenas.  Subpoenas are process of the issuing court, and nothing in the Rules even hints that any other court may be given the power to quash or enforce them."  <u>In re Sealed Case</u>, 141 F.3d at 341 (internal citations omitted).

    Here, the subpoena was "issued" out of the District of Columbia district court for this case pending in this Court.  Specifically, IP address 98.186.79.43's ISP is Cox Communications. [<u>See</u> Doc. No. 44 at p. 19 (Second Amended Complaint)]  Attached as Exhibit 1 hereto is a true and correct copy of the subpoena issued to Cox.  As the issuing court, this Court and only this Court has jurisdiction to act upon the subpoena.[3]

---

[2]  In a Minute Order dated April 8, 2011, the Court denied Mr. Artis' motion for protective order.

[3]  The subpoena was issued from the proper court, as it was issued from the court where production is to be made, i.e. where the documents are to be sent – the district court for the District of Columbia.  Fed. R. Civ. P., Rule 45(a)(2)(C) states that "[a] subpoena must [be] issue[d] ... from the court for the district where the production or inspection is to be made." "'Production' refers to the delivery of documents, not their retrieval, and therefore 'the district in

B.  THE MOTIONS ARE PROCEDURALLY DEFECTIVE.

First, Mr. Artis' motions are procedurally defective for insufficient service.  "Unless these rules provide otherwise, each of the following papers must be served on every party: … (D) a written motion, except one that may be heard ex parte."  Fed. R. Civ. P., Rule 5(a)(1).

Here, the motions were never served on Plaintiff's counsel.  Rather, it appears the motions were sent to just the Court in paper form.  Accordingly, Plaintiff's counsel did not become aware of the motions until the Court posted them on the online docket.  Therefore, the Court should deny the motions for failure to comply with the appropriate court procedures.

Second, Mr. Artis' motions are procedurally defective in that Mr. Artis never attempted to meet and confer with Plaintiff's counsel.

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. … A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR Rule 7(m).[4]

Here, Mr. Artis' motions did not include statements that any meet and confer discussions occurred because no such discussions have occurred.  Had Mr. Artis met and conferred with

---

which the production ... is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over."  Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 412 (3d Cir. 2004); see James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 19 (D.D.C. 2002); see also Oracle, USA, Inc. v. SAP AG, 2009 WL 1011321, *2 (D. Colo. April 14, 2009) (summarizing court holdings across the country as "uniformly" rejecting the notion that production takes place where the sender resides).

[4] Further, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

3

Plaintiff's counsel, Plaintiff's counsel could have directed Mr. Artis to the filings and authorities showing that the motions are not justified.

### C.  STANDARDS ON MOTIONS TO QUASH

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

"Ordinarily a party does not have standing to object to a subpoena served on a non-party, but a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information."  Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing E.E.O.C. v. Danka Indus., Inc., 990 F. Supp. 1138, 1141 (E.D. Mo. 1997)); Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005) (Facciola, J.) ("A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." [citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)]).

However, that standing to object should limited to only challenging the subpoena on the grounds that it requires disclosure of information "privileged at common law or by statute or rule" and not any other grounds.  See Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo.

1997).  "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."  <u>Id.</u> (citation omitted); <u>see also</u> <u>Johnson v. Gmeinder</u>, 191 F.R.D. 638, 639 n. 2 (D. Kan. 2000); <u>Thomas v. Marina Assocs.</u>, 202 F.R.D. 433, 434 (E.D. Pa. 2001); <u>Novak v. Capital Mgmt. & Dev. Corp.</u>, 241 F.R.D. 389, 394 (D.D.C. 2007) (Facciola, J.) (stating that "[t]o make a legitimate claim of privilege the Defendants would have had to show some reason to believe that the subpoena threatened the disclosure of information that was protected by a privilege that *these* Defendants could claim") (emphasis added); <u>Amobi v. D.C. Dept. of Corrections</u>, 257 F.R.D. 8, 9-10 (D.D.C. 2009) (Facciola, J.) (holding that District of Columbia Department of Corrections had no right to claim work product or attorney-client privilege with regard to United States Attorney's Office's files relating to former corrections officer's criminal prosecution for assaulting inmate, and thus did not have standing to object to subpoena served on USAO by officer seeking files in connection with officer's civil rights action against Department).

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'"  <u>Westinghouse Electric Corp. v. City of Burlington</u>, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); <u>U.S. v. Int'l Bus. Mach. Corp.</u>, 83 F.R.D. 97, 104 (S.D.N.Y. 1979); <u>Horizons Titanium Corp. v. Norton Co.</u>, 290 F.2d 421, 425 (1st Cir. 1961); <u>see</u> <u>Northrop Corp. v. McDonnell Douglas Corp.</u>, 751 F.2d 395, 403-04 (D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."  <u>Heat & Control, Inc. v. Hester Indus., Inc.</u>, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing <u>Deitchman v. E.R. Squibb & Sons, Inc.</u>, 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue.  See Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see also Fonovisa, Inc. v. Does 1-19, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

### D.  PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHTS.

The Court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [See Doc. No. 4], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant, from information provided to it by Guardaley, Limited.  This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache.  However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before

this suit can progress further.  Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie on a specific date and time.  Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems.  See Achache Declaration (filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 4-2]) ¶ 4.  Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's Movie for unlawful transfer or distribution.  See id. at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's Movie from the IP address assigned to these Defendants, just as it does with all Doe Defendants.  See id. at ¶ 9.  Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's Movie by watching both and comparing them.  Id. at ¶¶ 16-17.


E.   QUASHING THE SUBPOENA OR DISMISSING A PARTICULAR DOE
      DEFENDANT BASED ON PERSONAL JURISDICTION GROUNDS WOULD BE
      PREMATURE.

The basis of Mr. Artis' motion to quash and motion to dismiss is that the Court does not have personal jurisdiction over him.  However, the determination of the Court's jurisdiction over a particular Doe Defendant is not appropriate on a motion to quash a subpoena and is premature at this time, when Plaintiff is still conducting discovery to ascertain the identities of the Doe Defendants and has not yet named Mr. Artis as a Defendant.

In a similar case, <u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004), that court rejected a similar argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature.[5]  The court stated that it had discretion to allow discovery to determine the basis for personal jurisdiction and that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants."  <u>Id.</u> at 567. The court stated that such an analysis would require more of "an evaluation of the contacts between the various defendants and the forum state" and concluded by "holding at this stage that personal jurisdiction is lacking would be premature."  <u>Id.</u>; <u>see</u> <u>London-Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claim she was not a resident of the forum state was an insufficient basis to disallow discovery); <u>see</u> <u>also</u> <u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").

Further, this Court, Judge Howell, recently addressed the issue of personal jurisdiction. Therein, the Court stated that "[g]iven that the defendants have yet to be identified, the Court believes that evaluating the defendants' jurisdictional defenses at this procedural juncture is premature."  [*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at p. 13]  The Court further stated that "[w]hen the defendants are named, they will have the opportunity to file appropriate motions challenging the Court's jurisdiction and that will be the

---

[5]  Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. <u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d at 567, fn. 8.

appropriate time to consider this issue." [*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at p. 18][6]

Here, quashing the subpoena based on personal jurisdiction would likewise be premature. Plaintiff has not yet received any of the information sought from the ISP for Mr. Artis and has not received information sought from other ISPs for other Doe Defendants.  Allowing Plaintiff to obtain the information from the ISPs is important for numerous reasons.

First, obtaining the information from the ISPs gives Plaintiff verification of the IP address associated with each Doe Defendant's ISP account.  As the ISPs are the only ones that can verify the link between a particular IP address on a given date and time with one of its customers, Plaintiff's only method to obtain this verified evidence is from the ISPs in response to the subpoenas.  Because Plaintiff would otherwise be entitled to discovery to challenge this Doe Defendant's statements about personal jurisdiction and because identifying discovery is already in progress, Plaintiff should at least be entitled to complete its discovery to independently verify Mr. Artis' statements.

Second, the information sought from the ISPs gives more information than simply the name and address of the Doe Defendants.  As requested in the subpoenas, some ISPs are able to provide the Doe Defendants' modem's Media Access Control (MAC) number, which provides Plaintiff with further evidence to substantiate its case.

It must be noted that Mr. Artis has not cited a single legal basis or authority where a motion to dismiss a Doe defendant was granted before the plaintiff actually specifically named that Doe defendant. While Mr. Artis' motions generally state that he does not transact business in this jurisdiction (see Doc.

---

[6] Judge Collyer has ruled in a similar case pending in this Court that arguments related to personal jurisdiction and joinder are premature until Plaintiff actually names any Defendants.  [West Bay One, Inc. v. Does 1-1,653, Case No. 10-481, Doc. No. 36 at p. 5, fn. 2 (D.D.C.) (Collyer, J.) (also available at 2010 WL 3522265) ("John Doe #2 also asserts that the Court lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.")]

No. 50 at p. 4), even if this statement is accepted as true, it does not conclusively establish that the Court

lacks personal jurisdiction over Mr. Artis.

For example, Mr. Artis could have specifically directed the alleged infringing activities to the

District of Columbia by downloading or uploading Plaintiff's copyrighted work with another Defendant

residing in the District of Columbia, such as the named Defendant Harry Martin, or because Mr. Artis

committed the infringing activities while visiting the jurisdiction.  [See Doc. No. 44 (Second Amended

Complaint) at ¶ 13 ("On information and belief, Defendant Martin and the remaining Doe Defendants

participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's

Copyrighted Motion Picture in digital form with each other.")]  Therefore, because Plaintiff has not

received all of the identifying information from all of the Does, it is premature to dismiss any Doe

Defendant at this time simply because that Doe Defendant may reside outside of the jurisdiction.


F.  MR. ARTIS' ARGUMENTS RELATED TO JOINDER DO NOT JUSTIFY
    QUASHING THE SUBPOENA OR DISMISSING A DOE DEFENDANT AND
    ARE GENERALLY INAPPROPRIATE AT THIS STAGE OF THE
    PROCEEDINGS.

Mr. Artis argues that the joinder of the Defendants is improper in this case.  [Doc. No. 50

at pp. 9-10]  However, joinder is proper at this time.  To summarize the argument in opposition

to the joinder argument, any consideration of joinder is premature and inappropriate at this stage.

See Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 568 (stating that "discussion of

joinder is not germane to the motions to quash before the Court, as the remedy for improper

joinder is severance, see Fed.R.Civ.P. 21, and not the quashing of the subpoena at issue here").

Recently, this Court issued a detailed analysis of the joinder issue.  Therein, Judge Howell concluded that "the plaintiffs' allegations against the putative defendants in each case meet the requirements for permissive joinder."  [*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at p. 6]  Further, the Court stated that the Doe Defendants may raise the argument that they are improperly joined when they are identified and named in the case, but severance for misjoinder is premature at this stage of the proceedings.  [*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at pp. 6-7][7]

Therefore, Mr. Artis' arguments related to joinder do not justify quashing any of the subpoenas or dismissing him at this stage of the case.


G.  MR. ARTIS HAS NOT SHOWN THAT THE INFORMATION REQUESTED IS PRIVILEGED OR CONFIDENTIAL.

The only standing Mr. Artis would have to challenge the subpoena would be an argument that the information requested is privileged or confidential.  However, such an argument has no basis in law or in fact for this case.

As further detailed in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [Doc No. 4], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-

---

[7] In two similar pending cases in front of Judge Collyer, an order to show cause hearing was conducted wherein Judge Collyer ruled that joinder was proper at this stage of the proceedings and "that, at this juncture, the numerous Doe Defendants are not severed due to misjoinder…." [West Bay One, Inc. v. Does 1-1,653, CA. 1:10-cv-00481-RMC (D.D.C.), Doc. No. 25; Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094, CA No. 1:10-cv-00453-RMC (D.D.C.), Doc. No. 34]

Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

As this Court has recently noted in denying similar motions to quash, "Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers." Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094, Case No. 10-453, 2010 WL 3522256, at *3 (D.D.C. Sept. 10, 2010) (Collyer, J.) (citations omitted) [Doc. Nos. 44-45]; West Bay One, Inc. v. Does 1-1,653, Case No. 10-481, 2010 WL 3522265 (D.D.C. Sept. 10, 2010) (Collyer, J.) [Doc. Nos. 36-37]; see also Donkeyball Movie LLC v. Does 1-171, Case No. 10-1520, Order of January 14, 2011, Doc. No. 18 (Sullivan, J.); Maverick Entm't Grp., Inc. v. Does 1-4,350, Case No. 10-569, Order of December 1, 2010, Doc. No. 17 (Leon, J.).[8]

Additionally, this Court also recently provided a Memorandum Opinion with a thorough analysis of the Doe Defendants' First Amendment right to anonymity. The Court concluded:

---

[8]  See also G2 Productions, LLC v. Does 1-83, Case No. 10-041, Order of May 3, 2010, Doc. No. 18 (D.D.C.) (Kollar-Kotelly, J.) (denying Doe Defendant motion to quash); Worldwide Film Entertainment, LLC v. Does 1-749, Case No. 10-0038, Orders of May 13, 2010, May 17, 2010, and May 20, 2010, Doc. Nos. 21-26 (D.D.C.) (Robinson, J.) (same).

Upon balancing the putative defendants' First Amendment rights to anonymity and the plaintiffs' need for the identifying information, the Court finds that the plaintiffs' need overrides the putative defendants' right to use BitTorrent anonymously. The putative defendants' asserted First Amendment right to anonymity in this context does not shield them from allegations of copyright infringement. The plaintiffs therefore may obtain from ISPs information identifying the putative defendants.

[*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at p. 27]

Here, Plaintiff has demonstrated an absolute need for the disclosure, as it cannot prosecute its case without it.  Further, Plaintiff has shown good cause for obtaining information related to all of the Doe Defendants from the non-party ISPs, including Mr. Artis, especially considering that the ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.

Additionally, Plaintiff is only seeking limited information sufficient to identify Mr. Artis and the corresponding IP address, and Plaintiff will only use that information in this lawsuit. Therefore, Mr. Artis is protected from any improper disclosure or use of his information. Overall, Mr. Artis' exceedingly small First Amendment privacy interests are greatly outweighed by Plaintiff's need for the information to prosecute its case and protects it copyrights.


III. CONCLUSION

Overall, the Doe Defendant has not demonstrated any reason to quash the subpoena or dismiss the Doe Defendant at this stage of the proceedings.  As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.[9]  Therefore,

---

[9] Such cases include Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.); Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corporation, et al. v. Does 1-9,

the Court should deny the motion and at least allow Plaintiff the opportunity to conduct

discovery and obtain evidence to prove the copyright infringement and irreparable harm in this

case.

Respectfully Submitted,

Cornered, Inc.

DATED:  April 26, 2011

By:     /s/_____
        Thomas M. Dunlap (D.C. Bar # 471319)
        Nicholas A. Kurtz (D.C. Bar # 980091)
        DUNLAP, GRUBB & WEAVER, PLLC
        1200 G Street, NW Suite 800
        Washington, DC 20005
        Telephone: 202-316-8558
        Facsimile: 202-318-0242
        tdunlap@dglegal.com
        nkurtz@dglegal.com
        *Attorney for the Plaintiff*

---

Case No. 04-2006 (D.D.C.) (Sullivan, J.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (D.D.C.) (Sullivan, J.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (D.D.C.) (Kollar-Kotelly, J.); Worldwide Film Entertainment LLC v. Does 1-749, Case No. 10-38 (D.D.C.) (Kennedy, Jr., J.); G2 Productions LLC v. Does 1-83, Case No. 10-41 (D.D.C.) (Kollar-Kotelly, J.); Achte/Neunte Boll Kino Beteiligungs GMBH & CO KG v. Does 1- 4,577, Case No. 10-453 (D.D.C.) (Collyer, J.); West Bay One, Inc. v. Does 1- 2,000, Case No. 10-481 (D.D.C.) (Bates, J.); Call of the Wild Movie, LLC v. Does 1-358, Case No. 10-455 (D.D.C.) (Urbina, J.); Maverick Entertainment Group, Inc. v. Does 1-1,000, Case No. 10-569 (D.D.C.) (Leon, J.); Voltage Pictures, LLC v. Does 1-5,000, Case No. 10-00873 (D.D.C.) (Urbina, J.); Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520 (D.D.C.) (Sullivan, J.).

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on April 26, 2011, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTION TO QUASH AND/OR VACATE SUBPOENA AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (IP ADRESS 98.186.79.43) [DOC. NO. 50] was sent via first-class mail as follows:


Alexander Artis
809 SE Jon Dr.
Bentonville, AR 72712


                            /s/ Nick Kurtz
                            Nicholas A. Kurtz

15