UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNERED INC.,

    Plaintiff,

        v.                Civil Action No. 10-1476 (JEB/JMF)

DOES 1-2,177,

    Defendants.

### MEMORANDUM ORDER

This case was referred to me for full case management. Although <u>Defendant's Motion to Proceed Anonymously Filed by Doe at IP Address 75.172.228.136</u> [#48] has already been ruled upon, that ruling will be vacated and the motion will be denied for the reasons stated below.

### DISCUSSION

I.    <u>Legal Standards</u>

Under Rule 26 of the Federal Rules of Civil Procedure, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). With regard to the issuance of a subpoena, Rule 45 provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(iii). Rule 45 further provides that any claim of privilege must "describe the nature of the [information] withheld in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2).

II.    <u>Analysis</u>

On or about March 31, 2011, Michael H. May sent this Court the above motion to file his identifying information with the Court under seal. See [#48]. On April 8, 2011, this Court *fiated* the motion, thereby letting it be filed publically on the docket. Id. By minute order issued the same day, this Court denied the motion to proceed anonymously on the grounds that Judge Kotelly had previously ruled that in this case, defendants would not be permitted to proceed anonymously. See Minute Order (dated 4/8/11). In fact, Judge Kotelly *did* allow defendants to proceed anonymously as long as they filed their identifying information under seal with the Court as required by Rule 5.1(c) of the Local Rules of Civil Procedure. See Order [#34]. The Court should, therefore, have initially allowed the motion to be filed under seal, pending its consideration by the Court. Since the motion will be denied, however, the issue of its having been publically filed is moot.

Substantively, May argues in his motion that "the most important reason [to proceed anonymously] is to avoid annoyance, embarrassment, and undue burden and hardship that would be necessitated by disclosing my personal identity in the public record." [#48] at 2. As noted previously in this case, however, as an Internet subscriber, May has no expectation of privacy in his subscriber information. See U.S. v. Christie, 624 F.3d 558, 573 (3rd 2010) ("Federal courts have uniformly held that 'subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation' because it is voluntarily conveyed to third parties.") (internal quotation omitted); Guest v. Leis, 255 F.3d 325, 335 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their [subscriber] information once they reveal it to third parties."); Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) ("With regard to [the movant's] assertion that

the information sought is 'personal,' courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to the Internet Service Providers.").

Finally, although May references a motion to quash in this motion, no such separate motion was ever received by this Court. It is, therefore, hereby,

**ORDERED** that the Court's minute order dated April 8, 2011, which denied [#48], is **VACATED**. Finally, it is, hereby,

**ORDERED** that Defendant's Motion to Proceed Anonymously Filed by Doe at IP Address 75.172.228.136 [#48] is **DENIED** for the reasons stated herein.

**SO ORDERED**.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE