UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNERED, INC.,

    Plaintiff,

    v.                                      Civil Action No. 10-1476 (JEB/JMF)

DOES 1-1,480,

    Defendants.

**ORDER**

Plaintiff commenced this copyright infringement action on August 30, 2010, against numerous "John Doe" defendants, alleging that these individuals illegally shared copyrighted work over the Internet. Complaint for Copyright Infringement [#1].  On October 22, 2010, this Court granted plaintiff's motion for leave to serve Rule 45 subpoenas on various non-party Internet Service Providers ("ISPs") in an effort to identify the John Doe defendants. Order [#5]. The Court further directed that, once the ISPs received the subpoenas, they were to notify their subscribers within 5 business days so that these individuals who wished to quash the subpoena could so move within 30 days of the subpoena's date of service. Id.  Currently pending and ready for resolution is Tony Campbell's Exception of Lack of Jurisdiction and Motion to Quash [#84]. For the reasons stated below, the motion will be denied.

I.    Campbell Lacks Standing to Move to Quash the Subpoena and He Has No Privacy Interest in His Subscriber Information

Motions to quash a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure may be asserted only by the person subject to the subpoena, unless a privilege in the matters to be disclosed is asserted by a third party. Novak v. Capital Mgmt. & Development

Corp., 241 F.R.D 389, 394 (D.D.C. 2007).  In this case, the subpoena was issued to Campbell's ISP, not to him directly.  He therefore lacks standing to move to quash the subpoena.

Furthermore, he cannot claim any privilege in the information sought.  As an Internet subscriber, he has no expectation of privacy in his subscriber information.  See U.S. v. Christie, 624 F.3d 558, 573 (3rd Cir. 2010) ("Federal courts have uniformly held that 'subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation' because it is voluntarily conveyed to third parties.") (internal quotation omitted); Guest v. Leis, 255 F.3d 325, 335 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their [subscriber] information once they reveal it to third parties."); Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) ("With regard to [the movant's] assertion that the information sought is 'personal,' courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to the Internet Service Providers.").  Therefore, the information plaintiff seeks is in no way protected from disclosure.

II.     The Motion to Dismiss is Premature

As noted above, Campbell has not yet been named as a defendant in this case.  Unless and until that occurs, there is no case from which to dismiss him.  That he has a defense to the claims asserted by plaintiff is not at issue merely because a subpoena was served on his ISP.  I note that when and if he is named as a defendant, he reserves all of the defenses he may have to this action.  It is therefore, hereby,

**ORDERED** that Campbell's Exception of Lack of Jurisdiction and Motion to Quash [#84] is **DENIED** without prejudice.

**SO ORDERED.**

_____
**JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE**